Hajrina HASANBELLIU, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 07–2569–ag.

United States Court of Appeals, Second Circuit.

June 30, 2008.

---

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Hajrina Hasanbelliu, pro se, Staten Island, NY.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Sarah Maloney, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Hajrina Hasanbelliu, a native and citizen of Albania, petitions for review of a decision of the BIA affirming by per curiam order the decision of the IJ denying her application for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1231(b)(3). *In re Hasanbelliu,* No. A98 478 351 (B.I.A. May 25, 2007) (per curiam), *aff'g* No. A98 478 351 (Immig. Ct. N.Y. City Sept. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA concluded that Hasanbelliu "failed to meet her burden of proving past persecution" because her "claim is essentially based on one event during which she was arrested, detained for one day, and allegedly groped and spit on" and "[w]ithout more, this is not sufficient to establish past persecution." In *Beskovic v. Gonzales,* 467 F.3d 223 (2d Cir.2006), we said that "[t]he BIA must ... be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.* at 226. We therefore remand this matter to the BIA to insure that "the agency's determination is [not] based on an inaccurate perception of the record, omitting potentially significant facts," *Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004), specifically the manner in which petitioner testified she was beaten while in detention. On remand the agency should consider whether "[t]hat evidence, if [it is found to be] credible ... preclude[s] a finding that the conduct ... does not as a matter of law rise to the level of persecution, for violent conduct generally goes beyond the mere annoyance and distress that characterize harassment."

*Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006).

■ The IJ and BIA took note of a recent change in country conditions in Albania: The Democratic Party, with which Hasanbelliu was associated, prevailed in national elections and took power in Parliament. *See Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005) (per curiam) (taking "judicial notice of the fact that the Democratic Party returned to power in Albania through general elections in July [2005]"). We cannot, however, conclude that remand is necessarily futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006). Because the BIA found that Hasanbelliu had not proved past persecution, evidence of current country conditions was evaluated in the context of Hasanbelliu's burden to prove a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(2). If, on remand, the BIA concludes that Hasanbelliu's treatment while detained rose to the level of persecution, a well-founded of fear of future persecution will be presumed and the burden of rebutting that presumption by proof of changed country conditions would then fall on the government. *See Latifi,* 430 F.3d at 106 n. 1; *Gao v. Gonzales,* 424 F.3d 122, 128 (2d Cir.2005); 8 C.F.R. § 208.13(b)(1)(ii). Petitioner could also prevail, notwithstanding changed country conditions, if she is able to demonstrate "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution." 8 C.F.R. § 1208.13(b)(1)(iii)(A); *see also Jalloh v. Gonzales,* 498 F.3d 148, 151 (2d Cir.2007) (per curiam); *Matter of Chen,* 20 I. & N. Dec. 16 (B.I.A.1989). We express no position on any of the possible outcomes of the remand proceedings.

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings.